Philip D. Anker                              **Hearing Date: September 13, 2017, at 2:00 pm**
Ross E. Firsenbaum
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel:  (212) 230-8800
Fax: (212) 230-8888

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LYONDELL CHEMICAL COMPANY, et al., | Case No. 09-10023 (CGM) |
| Debtors. | (Jointly Administered) |
| EDWARD S. WEISFELNER, AS TRUSTEE OF THE LB CREDITOR TRUST, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 10-04609 (MG) |
| FUND 1, et al., | |
| Defendants. | |
| EDWARD S. WEISFELNER, AS TRUSTEE OF THE LB CREDITOR TRUST, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 12-01570 (MG) |
| STUART REICHMAN, et al., | |
| Defendants. | |

**SHAREHOLDER DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION TO DISMISS THESE ADVERSARY PROCEEDINGS WITH PREJUDICE**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**
**AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7012**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................... 1

RELEVANT BACKGROUND ....................................................................................... 4

ARGUMENT ................................................................................................................. 9

I.      COLLATERAL ESTOPPEL REQUIRES ENTRY OF FINAL JUDGMENT IN
FAVOR OF THE MOVING DEFENDANTS ................................................... 9

      A.      The Constructive Fraudulent Transfer Claims Must Be Dismissed On
Collateral Estoppel Grounds ................................................................. 10

      B.      The Intentional Fraudulent Transfer Claims Must Be Dismissed On
Collateral Estoppel Grounds ................................................................. 14

      C.      The Trustee Is Bound By The Judgment In The *Blavatnik* Action ........................ 15

CONCLUSION ............................................................................................................. 16

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Ball v. A.O. Smith Corp.*,
　　451 F.3d 66 (2d Cir. 2006)..................................................................9

*Chariot Plastics, Inc. v. United States*,
　　28 F. Supp. 2d 874 (S.D.N.Y. 1998)..................................................11

*In re Tribune Company Fraudulent Transfer Litigation*,
　　818 F.3d 98 (2d Cir. 2016)............................................................1, 6, 7

*Jones v. Int'l Union of Operating Eng'rs*,
　　671 F. App'x 10 (2d Cir. 2016) .........................................................10

*Kramer v. Time Warner Inc.*,
　　937 F.2d 767 (2d Cir. 1991)..................................................................3

*Kulak v. City of N.Y.*,
　　88 F.3d 63 (2d Cir. 1996) ...................................................................13

*Liao v. Holder*,
　　691 F. Supp. 2d 344 (E.D.N.Y. 2010) ...............................................14

*Lou v. Trutex, Inc.*,
　　872 F. Supp. 2d 344 (S.D.N.Y. 2012)..................................................3

*Marvel Characters, Inc. v. Simon*,
　　310 F.3d 280 (2d Cir. 2002)..................................................................9

*Mikhail v. Kahn*,
　　991 F. Supp. 2d 596 (E.D. Pa.), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) .............................3

*Montana v. United States*,
　　440 U.S. 147 (1979)............................................................................10

*Nichols & Co. v. United States*,
　　447 F. Supp. 455 (Cust. Ct.) .............................................................12

*In re 3dfx Interactive, Inc.*,
　　Adv. Pro. No. 06-5115, 2009 WL 223266 (Bankr. N.D. Cal. Jan. 6, 2009).....................14

*Proctor v. LeClaire*,
　　715 F.3d 402 (2d Cir. 2013)................................................................10

*Taylor v. Sturgell*,
　　553 U.S. 880 (2008)......................................................................10, 14

*In re Operations NY LLC*,
    490 B.R. 84 (Bankr. S.D.N.Y. 2013)................................................................11

*Union Tel. Co. v. Qwest Corp.*,
    495 F.3d 1187 (10th Cir. 2007) ...................................................................12

*United States v. Woods*,
    484 F.2d 127 (4th Cir. 1973) .......................................................................12

*Wachtmeister v. Swiesz*,
    59 F. App'x 428 (2d Cir. 2003) .....................................................................3

*Weisfelner v. Blavatnik*,
    567 B.R. 55 (Bankr. S.D.N.Y. 2017)........................................................ *passim*

*Weisfelner v. Fund 1*,
    554 B.R. 655 (Bankr. S.D.N.Y. 2016)..............................................................6

*Whyte v. Barclays Bank PLC*,
    644 F. App'x 60 (2d Cir. 2016) ..................................................................6, 7

*Yates v. United States*,
    354 U.S. 298 (1957)..................................................................................12

## STATUTES, RULES, AND REGULATIONS

11 U.S.C. § 546............................................................................................1, 4, 6, 7

11 U.S.C. § 548............................................................................................5, 10, 11

Fed. R. Bankr. P. 7012....................................................................................1

Fed. R. Civ. P. 12(b) ...................................................................................1, 3

Fed. R. Evid. 201 .........................................................................................3

Local Rule 7056-1.........................................................................................3

## OTHER AUTHORITIES

Restatement (Second) Judgments § 27 cmt. d (1982)..................................................12

Wright, Charles A. & Miller, Arthur R., *Federal Practice and Procedure* § 4432.......................11

The undersigned defendants (the "Moving Defendants") respectfully submit this

memorandum of law in support of their motion to dismiss, pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure and Rule 7012 of the Federal Rules of Bankruptcy Procedure.[1]

## PRELIMINARY STATEMENT

This Court has already issued an Order (the "Safe Harbor Order") recommending that the

District Court dismiss the plaintiff LB Creditor Trust's state law constructive fraudulent transfer

claims (the only claims remaining in these two adversary proceedings (the "Creditor Trust

Actions"))[2] because section 546(e) of the Bankruptcy Code preempts or otherwise bars those

claims under the Second Circuit's decision in *In re Tribune Company Fraudulent Transfer

Litigation*, 818 F.3d 98 (2d Cir. 2016).  The District Court has not ruled on the objection of the

LB Creditor Trustee (the "Trustee") to the Safe Harbor Order (presumably because of the

pendency before the Supreme Court of a petition for certiorari in *Tribune* and a related case that

has been set for argument, *FTI v. Merit Management*, discussed further *infra* at 7).

---

[1] In filing this motion, the Moving Defendants do not waive and specifically preserve any and all defenses, including, but not limited to, all defenses under Fed. R. Civ. P. 12(b) for lack of jurisdiction and insufficient process and/or service of process—defenses which defendants have not yet been required to assert under the operative case management order in this case.  *See* Third Case Management Order, *Weisfelner v. Fund 1*, Adv. Pro. No. 10-04609 (Bankr. S.D.N.Y. Jan. 4, 2016) [Dkt. No. 2364], at I.B.

[2] This Court dismissed the Trustee's state law *intentional* fraudulent transfer claim on December 7, 2015.  Order, *Weisfelner v. Fund 1*, Adv. Pro. No. 10-04609 (Bankr. S.D.N.Y. Dec. 7, 2015) [Dkt. No. 2359].  The Trustee has indicated to the District Court that he might seek to have that claim reinstated based on the District Court's July 27, 2016 Opinion and Order in the *Hofmann* action regarding the LB Litigation Trust's federal law intentional fraudulent transfer claim (*see* Objections to the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law, Adv. Pro. No. 10-04609 (Bankr. S.D.N.Y. Aug. 3, 2016) [Dkt. No. 2420] at 2, 13-14), but he has not done so.  Thus, that claim is not pending before any Court.   So as to bring these cases to a final resolution, the Moving Defendants nevertheless move for a determination that collateral estoppel would bar the state law intentional fraudulent transfer claims even if they were reinstated.  *See infra* Part I.B.

In the meanwhile, though, the District Court has remanded these Creditor Trust Actions to this Court to consider an alternative and independent ground for dismissal—collateral estoppel.  Order, *Weisfelner v. CIBC World Mkts.*, No. 16-6734 (S.D.N.Y. Aug. 15, 2017) [Dkt. No. 17].  For the reasons discussed herein, that additional ground also compels the dismissal, with prejudice, of these actions.[3]

As this Court is well aware, the same Trustee, on behalf of the LB Litigation Trust, brought the same fraudulent transfer claims challenging the same 2007 merger (the "Merger") between Lyondell and Basell AF S.C.A. ("Basell") in *Weisfelner v. Blavatnik*, Adv. Pro. No. 09-01375 (Bankr. S.D.N.Y.) (the "*Blavatnik* Action" or "*Blavatnik*").  Earlier this year, following a lengthy trial, this Court entered a fact-filled, 173-page decision finding (1) that the Merger did not leave Lyondell insolvent and thus the payments to shareholders for their shares were not constructive fraudulent transfers, and (2) that Lyondell did not intend the Merger to hinder, delay, or defraud its creditors and that such payments therefore also were not intentional fraudulent transfers.  *See Weisfelner v. Blavatnik*, 567 B.R. 55, 63-67 (Bankr. S.D.N.Y. 2017). The Trustee appealed but, in his recently-filed opening brief, challenged only this Court's determination of the Trustee's preference and contract claims, leaving entirely *unchallenged* this Court's entry of judgment against him on his constructive and intentional fraudulent transfer

---

[3] As the Moving Defendants were preparing to file this motion, the Trustee filed Notices of Dismissals in these actions that appear to dismiss without prejudice all remaining named defendants who have not yet filed an Answer.  *See* Notice of Dismissal, *Weisfelner v. Fund 1*, Adv. Pro. No. 10-04609 (Bankr. S.D.N.Y. Aug. 18, 2017) [Dkt. No. 2498]; Notice of Dismissal, *Weisfelner v. Reichman*, Adv. Pro. No. 12-01570 (Bankr. S.D.N.Y. Aug. 18, 2017) [Dkt. No. 136].  Those dismissals are not with prejudice, as they should be, and appear to leave dozens of defendants as parties in these cases.  The Trustee also filed a Notice withdrawing his request to certify a defendant class in *Reichman*.  *See* Notice of Withdrawal, *Weisfelner v. Reichman*, Adv. Pro. No. 12-01570 (Bankr. S.D.N.Y. Aug. 18, 2017) [Dkt. No. 137].

2

claims. *See* Brief for Plaintiff-Appellant, *Weisfelner v. Blavatnik*, No. 17-04375 (S.D.N.Y. July 28, 2017) [Dkt. No. 18].

This Court's detailed factual findings are entitled to collateral estoppel effect in these actions, and the application of collateral estoppel is fatal to the Trustee's claims here. This Court was correct when it noted in its Memorandum Opinion in the *Blavatnik* Action that "[t]he results reflected in this lengthy decision may well be dispositive of some or all of the issues in those remaining cases, too." *Blavatnik*, 567 B.R. at 159. Indeed, the Trustee evidently recognizes as much. Various shareholder defendants recently filed a similar motion to dismiss the other shareholder action brought by the Trustee—*Hofmann*—and the Trustee did not even contest the motion, instead noticing the dismissal (albeit, for some inexplicable reason, without prejudice) of all the moving defendants, including those that later joined the motion to dismiss, as well as several other defendants, but (also for some inexplicable reason) apparently leaving approximately 12 (out of approximately 288) named defendants in the case, all of whom are individuals, half of whom have appeared *pro se*, and 11 of whom are sued for less than $500,000. *See* Notice of Dismissal with Appendix, *Weisfelner v. Hofmann*, Adv. Pro. No. 10-05525 (Bankr. S.D.N.Y. Aug. 17, 2017) [Dkt. No. 963]; Notice of Dismissal with Appendix, *Weisfelner v. Hofmann*, Adv. Pro. No. 10-05525 (Bankr. S.D.N.Y. Aug. 15, 2017) [Dkt. No. 946]. If the Trustee will not voluntarily dismiss these actions in their entirety (and do so with

prejudice), the Court should dismiss them with prejudice and enter final judgment in favor of all

of the defendants in these actions. [4]

---

[4] "In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court . . . may . . . consider matters of which judicial notice may be taken under Fed. R. Evid. 201." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). Such matters include "documents filed in other courts[.]" *Id.* at 774; *see also Mikhail v. Kahn*, 991 F. Supp. 2d 596, 640 (E.D. Pa.), *aff'd*, 572 F. App'x 68 (3d Cir. 2014); *Lou v. Trutex, Inc.*, 872 F. Supp. 2d 344, 349-50 n.6 (S.D.N.Y. 2012) (collecting cases). For purposes of this Motion, therefore, the Court may take judicial notice of its findings and recent entry of judgment in the *Blavatnik* Action. Moreover, the Court may decide the question of issue preclusion (or collateral estoppel) on a motion to dismiss. *See, e.g.*, *Wachtmeister v. Swiesz*, 59 F. App'x 428, 429 (2d Cir. 2003). The Trustee apparently agrees, as he did not file any opposition to the motion to dismiss based on collateral estoppel filed by certain shareholder defendants in *Hofmann*. Nevertheless, to the extent that the Court is disinclined to rule on a Rule 12(b)(6) motion to dismiss, the Court should convert this motion to one for summary judgment, and the Moving Defendants will promptly file a short statement of undisputed facts pursuant to Local Rule 7056-1 consisting of the relevant findings of this Court in the *Blavatnik* Action.

## RELEVANT BACKGROUND

In July 2007, the Board of Directors (the "Board") of Lyondell, a public company, approved the Merger with Basell, a thriving chemical concern owned by one of the world's wealthiest businessmen, Len Blavatnik.[5]  In January 2009, 18 months after Lyondell's Board approved the Merger, and after the onset of the Great Recession, two hurricanes in the Gulf of Mexico and a major crane accident that shut down Lyondell's main refinery, Lyondell and its affiliates filed for bankruptcy.[6]

In 2010, the Bankruptcy Court confirmed a plan of reorganization.[7]  The Official Committee of Unsecured Creditors (the "Committee"), represented by Brown Rudnick (the law firm in which the Trustee is a partner, and the LB Creditor Trust's counsel here), played a lead role in the development of that Plan.[8]  The Plan created two trusts, the LB Creditor Trust and the LB Litigation Trust (collectively, the "Trusts").[9]

In an effort to circumvent Section 546(e)'s safe harbor against state law fraudulent transfer claims aimed at securities settlement payments, the Plan purported to have Lyondell's estate abandon any right to bring any such claims against the former shareholders of Lyondell, so

---

[5] *See Blavatnik*, 567 B.R. at 77; *see also* Am. Compl., *Weisfelner v. Blavatnik*, Adv. Pro. No. 09-01375 (Bankr. S.D.N.Y. July 23, 2010) [Dkt. No. 381] (the "Blavatnik Am. Compl.") ¶ 87 (characterizing Blavatnik's net worth as "reportedly exceed[ing] $11 billion" and noting that he is "frequently identified on lists of the world's wealthiest individuals").

[6] *Blavatnik*, 567 B.R. at 69.

[7] *See* Third Am. Joint Ch. 11 Plan of Reorganization for the LyondellBasell Debtors, *In re Lyondell Chem. Co.*, No. 09-10023 (Bankr. S.D.N.Y. Mar. 15, 2010) [Dkt. No. 3990] (the "Plan"); Order Confirming Third Am. Joint Ch. 11 Plan, *In re Lyondell Chem. Co.*, No. 09-10023 (Bankr. S.D.N.Y. Apr. 23, 2010) [Dkt. No. 4418].

[8] *See* Application for Order Authorizing the Retention of Brown Rudnick LLP, *In re Lyondell Chem. Co.*, No. 09-10023 (Bankr. S.D.N.Y. Feb. 6, 2009) [Dkt. No. 629] at 3 (noting, inter alia, the selection of Mr. Weisfelner as counsel to the Committee, and Brown Rudnick's role in "negotiating and formulating a plan of reorganization for the Debtors").

[9] *See* Plan §§ 5.7, 5.8.

that the claims could "revert" to the Debtors' creditors, and then to cause the mandatory

assignment of the state law claims by the creditors to the LB Creditor Trust.[10]  The Plan assigned

other Lyondell bankruptcy estate claims to the LB Litigation Trust, purportedly including federal

law fraudulent transfer claims against any Shareholder Defendants under Section 548 of the

Bankruptcy Code.[11]

With the exception of the particular fraudulent transfer claims assigned to them, the LB

Creditor Trust and LB Litigation Trust are identical.  They have the same Trustee (Mr.

Weisfelner), are represented by the same law firm (the Trustee's firm, Brown Rudnick), and

have the same beneficiaries (the debtors' unsecured creditors), and the same "Trust Advisory

Board."  Plan §§ 5.7(e), 5.8(f).  And they were seeded with the same funds under the Plan.  *See

id.* § 5.9.

After the effective date of the Plan, the Trustee brought these two "Creditor Trust

Actions"—*Fund 1* and *Reichman*—against former Lyondell shareholders.  As noted, *supra* n.1,

only the Trustee's constructive fraudulent transfer claims remain pending in these two cases.

The Litigation Trust also brought an adversary proceeding against former Lyondell

shareholders, in 2010—*Hofmann*—asserting federal-law intentional and constructive fraudulent

---

[10] *See* Plan § 5.8(b).

[11] See Plan § 5.7(a)-(b); *see also* Plan § 1.1 (defining categories of assigned claims).  The defendants contend in *Hofmann* that, in fact, the Plan did not assign intentional fraudulent transfer claims against the former Lyondell shareholders to the LB Litigation Trust—that, indeed, the Committee did not think that any such claims could plausibly be brought at the time.  To the extent that *Hofmann* otherwise remains alive—as noted, the Trustee recently dismissed the action against the defendants that moved to dismiss on collateral estoppel grounds—the parties' dispute on this point remains pending.  *See* Tr. of Mot. to Dismiss Hr'g held on July 12, 2011, *Weisfelner v. Hofmann*, Adv. Pro. No. 10-05525 (Bankr. S.D.N.Y. July 25, 2011) [Dkt. No. 434], at 85:18-99:1; Order Regarding Motions to Dismiss, *Weisfelner v. Hofmann*, Adv. Pro. No. 10-05525 (Bankr. S.D.N.Y. Oct. 6, 2011) [Dkt. No. 511], ¶ 2-4.

transfer claims.[12]  In addition, the Committee originally, and then the LB Litigation Trust,

brought the *Blavatnik* Action against Basell, Blavatnik, and various affiliates, where they

asserted fraudulent transfer claims against those defendants based on the same factual and legal

theories.[13]  The Creditor Trust Actions at issue in this Motion assert fraudulent transfer claims

that are based on the same events and the same legal theories as are the Litigation Trust's claims

in *Hofmann* and *Blavatnik*.[14]

On July 20, 2016, this Court issued the Safe Harbor Order, recommending the dismissal

of these actions.  It did so based on the Second Circuit's decision in *Tribune*, 818 F.3d at 118,

that Section 546(e) preempted state law fraudulent transfer claims brought by creditors that

would be barred if brought by a bankruptcy trustee (or its successor) and based on the Second

Circuit's companion opinion in *Whyte v. Barclays Bank PLC*, 644 F. App'x 60 (2d Cir. 2016)

(summary order), *cert. denied*, 137 S. Ct. 2114 (2017), holding that for the reasons stated in

*Tribune*, a materially identical subsection of Section 546 of the Bankruptcy Code preempted

state law fraudulent transfer claims brought by a trustee who, like the LB Creditor Trust here,

was purportedly assigned state law fraudulent transfer claims previously held by the debtor's

creditors.  *See Weisfelner v. Fund 1*, 554 B.R. 655 (Bankr. S.D.N.Y. 2016).

---

[12] *See* Compl., *Weisfelner v. Hofmann*, Adv. Pro. No. 10-05525 (Bankr. S.D.N.Y. Dec. 23, 2010) [Dkt. No. 1].

[13] *See* Compl. & Am. Compl., *Blavatnik* (Bankr. S.D.N.Y. July 22, 2009) [Dkt. No. 1] & (Bankr. S.D.N.Y. July 23, 2010) [Dkt. No. 381].

[14] *See* Compl., *Weisfelner v. Fund 1,* Adv. Pro. No. 10-04609 (Bankr. S.D.N.Y. Dec 1, 2010) [Dkt. No. 1-3, Ex. A to Notice of Removal of Action]; *see also* Compl., *Weisfelner v. Reichman,* Adv. Pro. No. 12-01570 (Bankr. S.D.N.Y. Apr. 26, 2012) [Dkt. No. 1-3, Ex. A to Notice of Removal of Action].

The Trustee objected to the Safe Harbor Order in August 2016, based on the anticipated filing of petitions for certiorari in *Tribune* and *Whyte*.[15] The Supreme Court has since denied the *Whyte* petition, but the *Tribune* petition remains pending.[16] Meanwhile, though, the Supreme Court granted certiorari in another case, *Merit Management*, that presents a potential common question with *Tribune* (though a different one from the preemption issue that was the focus of the Second Circuit's opinion in *Tribune*).[17] *Merit Management* will be argued next term, and the Supreme Court may hold the *Tribune* petition until *Merit Management* has been decided.

In April 2017, while the Trustee's objection to the Safe Harbor Order was still pending with the District Court, this Court entered final judgment after a lengthy trial in favor of the *Blavatnik* defendants on the Litigation Trustee's intentional and constructive fraudulent transfer claims. On the intentional fraudulent transfer claim, the Court found, among other things, that the Trustee had not proven that Dan Smith, Lyondell's CEO, had acted with the intent to hinder, delay or defraud creditors. *See Weisfelner v. Blavatnik*, 567 B.R. at 64-66. It concluded that "there was simply no basis to conclude that . . . any . . . aspect of the [M]erger [was] carried out with any intent to delay, defraud, or hinder anyone." *Id.* at 66.

With respect to the constructive fraudulent transfer claim, this Court found that the Trustee had "failed to meet any of the financial condition tests" that would show inadequate capitalization, inability to pay debts as they fall due, or balance-sheet insolvency, and thus had

---

[15] *See Weisfelner v. Fund 1*, Adv. Pro. No. 10-04609 (Bankr. S.D.N.Y. Aug. 3, 2016) [Dkt. No. 2420]; *Weisfelner v. Reichman,* Adv. Pro. No. 12-01570 (Bankr. S.D.N.Y. Aug. 3, 2016) [Dkt. No. 122].

[16] S*ee Deutsche Bank Trust Co. Ams. v. Robert R. McCormick Found.*, No. 16-317 (U.S.).

[17] *See Merit Mgmt. Grp., LP v. FTI Consulting*, No. 16-784 (U.S. cert. granted, May 1, 2017). The issue in *Merit Management* is whether the safe harbor applies where a debtor makes a settlement payment to a financial institution or other entity specified in Section 546(e) acting as an intermediary, and that entity thereafter passes the proceeds on to the securities' beneficial holder which is not itself a financial institution or other specified entity.

failed to prove that LBI had the necessary financial distress as of the time of the Merger, as required to prove a constructive fraudulent transfer claim. *Blavatnik*, 567 B.R. at 132, 141. The Court based this determination on its review of extensive and wide-ranging documentary and testimonial evidence, including "[a] comprehensive review of management's projections and the industry outlook prior to the closing of the Merger, the expert testimony presented at trial, and perhaps most importantly, the banks' projections and support for the Merger as they staked billions of dollars on the future of LBI." *Id.* at 141. The Court's findings were corroborated by "the fact that several significant events following the closing of the Merger, including the Houston crane collapse, Hurricane Ike, and importantly, the Great Recession, dramatically strained LBI's financial health to the breaking point." *Id.* In so concluding, this Court performed a "very fact-dependent" analysis that included "extensive findings of fact" and "resolution of credibility questions." *Id.* at 68.

The Trustee noticed an appeal from this Court's judgment in *Blavatnik*. But when it came time for the Trustee to file his brief and make whatever arguments he could muster that this Court had erred, he focused exclusively on this Court's entry of judgment for the *Blavatnik* defendants on the Trustee's preference claim and the relief it granted the Trustee on his breach of contract claim. The Trustee did not argue that this Court erred in any respect in entering judgment for the *Blavatnik* defendants on the Trustee's intentional or constructive fraudulent transfer claims. *See* Brief for Plaintiff-Appellant, *Weisfelner v. Blavatnik*, No. 17-04375 (S.D.N.Y. July 28, 2017) [Dkt. No. 18].

On May 30, 2017, the defendants in *Hofmann* filed in this Court a motion to dismiss the

intentional fraudulent transfer claims asserted therein on collateral estoppel grounds.[18]  Having

concluded that he had no grounds to challenge this Court's rejection of the Trustee's fraudulent

transfer claims in *Blavatnik*, the Trustee evidently concluded that he likewise had no basis to

contest the motion to dismiss in *Hofmann*.  On August 15, 2017, he simply filed a notice of

dismissal of the claims asserted therein against the moving defendants without prejudice.  *See*

Notice of Dismissal with Appendix, *Weisfelner v. Hofmann*, Adv. Pro. No. 10-05525 (Bankr.

S.D.N.Y. Aug. 15, 2017) [Dkt. No. 946]; *see also* Notice of Dismissal with Appendix,

*Weisfelner v. Hofmann*, Adv. Pro. No. 10-05525 (Bankr. S.D.N.Y. Aug. 17, 2017) [Dkt. No.

963] (two days later, dismissing additional defendants).  On the same day, the District Court

remanded these Creditor Trust Actions so that this Court could consider the collateral estoppel

issue in these cases as well.  Order, *Weisfelner v. CIBC World Mkts.*, No. 16-6734 (S.D.N.Y.

Aug. 15, 2017) [Dkt. No. 17].

## ARGUMENT

## I.    COLLATERAL ESTOPPEL REQUIRES ENTRY OF FINAL JUDGMENT IN FAVOR OF THE MOVING DEFENDANTS

Collateral estoppel precludes a party from "relitigating in a subsequent action an issue of

fact or law that was fully and fairly litigated in a prior proceeding."  *Marvel Characters, Inc. v.*

*Simon*, 310 F.3d 280, 288 (2d Cir. 2002).  It applies when "(1) the identical issue was raised in a

previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding;

(3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue

was necessary to support a valid and final judgment on the merits."  *Proctor v. LeClaire*, 715

---

[18] Motion to Dismiss, *Weisfelner v. Hofmann*, Adv. Pro. No. 10-05525 (Bankr. S.D.N.Y. May 30, 2017) [Dkt. Nos. 940-941].

F.3d 402, 414 (2d Cir. 2013) (quoting *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006)).

So long as these four factors are satisfied, collateral estoppel applies—even if the party against

whom it is invoked "asserts a different cause of action" or "the issue recurs in the context of a

different claim" or "there is not complete identity of the parties." *Jones v. Int'l Union of

Operating Eng'rs*, 671 F. App'x 10, 11-12 (2d Cir. 2016) (summary order) (internal quotations

and citations omitted).

Collateral estoppel promotes finality, consistency, and efficiency in litigation. It prevents

"parties from contesting matters that they have had a full and fair opportunity to litigate" and

avoids "the expense and vexation attending multiple lawsuits, conserve[s] judicial resources, and

foster[s] reliance on judicial action by minimizing the possibility of inconsistent decisions."

*Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *Montana v. United States*, 440 U.S. 147,

153-154 (1979)).

All four prerequisites for collateral estoppel are satisfied here, and the dismissal of this

action on that basis will serve the interests of finality, consistency, and judicial efficiency that the

doctrine is designed to promote. The Court should enter final judgment in the Moving

Defendants' favor on both the constructive and intentional fraudulent transfer claims.

## A.    The Constructive Fraudulent Transfer Claims Must Be Dismissed On Collateral Estoppel Grounds

### 1.    *The Trustee Litigated Identical Issues With Respect To The Debtor's Financial Condition In The* Blavatnik *Action.*

To succeed on his constructive fraudulent transfer claim in *Blavatnik*, the Trustee was

required to show that Lyondell was (or was rendered) insolvent under one of three measures of

the company's financial condition as of December 20, 2007. *Blavatnik*, 567 B.R. at 108

(discussing legal standard for constructive fraudulent transfer claim under 11 U.S.C.

§ 548(a)(1)(B)). The same standards apply under New York law, which governs the Trustee's

constructive fraudulent transfer claims in these actions and which requires that the debtor be (or

be rendered) insolvent under one of the same three tests for a constructive fraudulent transfer

claim to lie. *See, e.g.*, *In re Operations NY LLC*, 490 B.R. 84, 96-99 (Bankr. S.D.N.Y. 2013)

(comparing financial conditions tests for insolvency imposed by the New York Debtor and

Creditor Law and the Bankruptcy Code); *see also, e.g.*, *Blavatnik*, 567 B.R. at 107 n.26 (noting

that the Trustee brought state and federal law intentional fraudulent transfer claims in the

*Blavatnik* Action and that the "[t]he parties stipulated that 'there are no material differences as to

the substantive standards between Section 548(a)(1)(B) and state law'").

### 2. *Lyondell's Claimed Insolvency Was Actually Litigated In* Blavatnik.

In *Blavatnik*, the Trustee already litigated Lyondell's financial condition in the period

surrounding the Merger in a multi-week trial. There, just as here, solvency was the critical,

dispositive element of the Trustee's constructive fraudulent transfer claims. In a lengthy opinion

replete with fact-finding on each of the solvency tests, this Court found that Lyondell was not

insolvent at the time of the Merger (or rendered insolvent by it). *See Blavatnik*, 567 B.R. at 132-

143. This dispositive issue was finally decided against the Trustee after a full and fair trial.[19] He

has not appealed the Court's findings that Lyondell remained solvent immediately following the

Merger and its entry of judgment against the Trustee on his constructive fraudulent transfer

claim.[20] The Trustee cannot relitigate solvency in these two cases.

---

[19] *See also Brief for Plaintiff-Appellant*, *Weisfelner v. Blavatnik*, No. 17-04375 (S.D.N.Y. July 28, 2017) [Dkt. No. 18] at 15 n.5 ("The bankruptcy court . . . found Defendants not liable on other claims tried by the Trustee, including the fraudulent transfer claims.").

[20] Even if the Trustee had appealed this Court's entry of judgment against him on his fraudulent transfer claims, the filing of an appeal does not prevent the application of collateral estoppel. *See, e.g.*, *Chariot Plastics, Inc. v. United States*, 28 F. Supp. 2d 874, 881 (S.D.N.Y. 1998) ("[R]es judicata and collateral estoppel apply once final judgment is entered in a case, even while an appeal from that judgment is pending."); *accord* Wright & Miller, *Federal Practice and Procedure* § 4432.

To the extent that the Trustee has intimated that he has any conceivable basis to argue that collateral estoppel does not bar him from relitigating Lyondell's solvency, he has suggested that "all" this Court found in *Blavatnik* was that the Trustee had not met his burden of proof, and that it did not make an "absolute finding" of solvency.  *See* Trustee's Response to the Shareholder Defendants' Motion for Remand to the Bankruptcy Court, No. 16-6734 (S.D.N.Y. July 13, 2017) [Dkt. No. 13] at 4 n.2.  Even if the Trustee's description of the Court's findings in *Blavatnik* were accurate, the argument is simply wrong on the law.  A finding that a plaintiff failed to carry its burden of proof on an issue precludes that plaintiff from attempting to prove that same issue in a later action.  *See Yates v. United States*, 354 U.S. 298, 335-36 (1957) ("[A] party may be precluded under the doctrine of collateral estoppel from attempting a second time to prove a fact that he sought unsuccessfully to prove in a prior action"), *overruled on other grounds, Burks v. United States*, 437 U.S. 1 (1978); *Union Tel. Co. v. Qwest Corp.*, 495 F.3d 1187, 1195 (10th Cir. 2007) (a judgment "that a party [] failed to carry their burden of proof" is a "judgment on the merits" entitled to collateral estoppel effect); *United States v. Woods*, 484 F.2d 127, 137 (4th Cir. 1973) (collateral estoppel "bars a party from attempting to prove a second time a fact he sought unsuccessfully to prove in a prior action"); *Nichols & Co. v. United States*, 447 F. Supp. 455, 464 (Cust. Ct.) ("Decisions based upon failures of proof have been held to be on substantial grounds of a case, and, therefore are decisions 'on the merits'" for collateral estoppel purposes), *aff'd*, 586 F.2d 826 (C.C.P.A. 1978); Restatement (Second) Judgments § 27 cmt. d (1982) ("determination [of collateral estoppel] may be based on a failure of pleading or of proof as well as on the sustaining of the burden of proof.").

> 3.    *The Trustee Had A Full And Fair Opportunity To Litigate The Issue.*

The stakes in *Blavatnik* for the Trustee were just as high as they are in these actions.  The Trustee sued to recover billions of dollars from the *Blavatnik* defendants.  *See Blavatnik*, 567

B.R. at 62. Moreover, the same procedural rules were available to the Trustee as are available in

the Creditor Trust Actions—all of the actions were (or are being) pursued as adversary

proceedings in Bankruptcy Court pursuant to the Federal Rules of Bankruptcy Procedure. It

cannot be disputed that the Trustee, whose years-long litigation of the *Blavatnik* Action

culminated in a multi-week trial with billions of dollars on the line, had a full and fair

opportunity to litigate. *See Kulak v. City of N.Y.*, 88 F.3d 63, 72 (2d Cir. 1996) ("[T]he burden of

showing that the prior action did not afford a full and fair opportunity to litigate the issues rests

with . . . the party opposing the application of issue preclusion.").

> 4.    *This Court's Findings Were Necessary To Entry Of Final Judgment In Blavatnik On The Intentional Fraudulent Transfer Claim.*

This Court based its decision in *Blavatnik* granting judgment to the defendants on the

Trustee's constructive fraudulent transfer claim on its findings that Lyondell was not insolvent at

the time of the Merger (or rendered insolvent by it). *See Blavatnik*, 567 B.R. at 132-43. These

findings were obviously necessary to entry of the judgment.

**B.    The Intentional Fraudulent Transfer Claims Must Be Dismissed On Collateral Estoppel Grounds**

Although there is no intentional fraudulent transfer claim currently pending in these

actions, *see supra* n.1, collateral estoppel would bar such a claim in any event, for the reasons

stated in the *Hofmann* defendants' motion to dismiss (*see* Mem. of Law in Support of Motion to

Dismiss, *Weisfelner v. Hofmann*, Adv. Pro. No. 10-05525 (Bankr. S.D.N.Y. May 30, 2017) [Dkt.

No. 941]), as well as above. At bottom, the Trustee in *Blavatnik* failed to prove that "any . . .

aspect of the [M]erger [was] carried out with any intent to delay, defraud, or hinder anyone."

567 B.R. at 66. Indeed, as noted, the Trustee has effectively conceded the point, dismissing the

intentional fraudulent transfer claim in *Hofmann* as against every defendant that moved for

dismissal on collateral estoppel grounds or that had joined in the motion prior to the filing of the notice of dismissal (as well as against some but not all other defendants in that action). [21]

### C.    The Trustee Is Bound By The Judgment In The *Blavatnik* Action

The Trustee cannot escape the judgment in *Blavatnik* by arguing that he was wearing his "Litigation Trust" hat in that action, as opposed to the "Creditor Trust" hat that he wears in these actions.  To the contrary, because he represents the very same beneficiaries and seeks the same relief on their behalf, from the same defendants, no matter which hat he wears (and the two Trusts are otherwise indistinguishable), the Creditor Trust is in privity with the Litigation Trust for claim preclusion purposes.  *See, e.g.*, *In re 3dfx Interactive, Inc.*, No. 02 Civ. 55795, 2009 WL 223266, at *10 (Bankr. N.D. Cal. Jan. 6, 2009) (preclusion and prohibitions on claim-splitting applied as to "Equity Committee and [Bankruptcy] Trustee [who were] acting in the same representative capacity"); *see also, e.g.*, *Yan Won Liao v. Holder*, 691 F. Supp. 2d 344, 354 (E.D.N.Y. 2010) ("[C]ourts have found privity to exist [for preclusion purposes] in relationships such as: *trustee and beneficiary*; buyer and seller; fiduciary; agent; and *cases where the parties represent the interests of the same person*." (citing *Taylor*, 553 U.S. at 893-894) (emphasis added)); *id.* at 354 n.12 (collecting numerous cases, including examples of shareholders, union members, and others who were precluded by prior suits by their representatives).

---

[21] Subsequent to the filing of the notice of dismissal, additional named defendants in *Hofmann* filed joinders to the motion.

15

## CONCLUSION

For the foregoing reasons, the Court should dismiss these actions with prejudice, and

enter final judgment in favor of all defendants.

Dated:  August 18, 2017
     New York, New York

                                                      */s/ Philip D. Anker*
                                                      Philip D. Anker
                                                      Ross E. Firsenbaum
                                                      WILMER CUTLER PICKERING
                                                       HALE AND DORR LLP
                                                      7 World Trade Center
                                                      250 Greenwich Street
                                                      New York, New York 10007
                                                      Tel: (212) 230-8800
                                                      Fax: (212) 230-8888

                                                      *Counsel for Fund 1 Action Defendants State Street Bank and Trust Company as Trustee for Mutual Fund 61 (improperly sued as "Mutual Fund 61"); State Street Bank and Trust Company as Trustee for Mutual Fund 53 (improperly sued as "Mutual Fund 53"); State Street Bank and Trust Company as Trustee for Mutual Fund 37 (improperly sued as "Mutual Fund 37"); State Street Bank and Trust Company as Trustee for Mutual Fund 17 (improperly sued as "Mutual Fund 17"); State Street Bank and Trust Company as Trustee for Mutual Fund 21 (improperly sued as "Mutual Fund 21"); State Street Bank and Trust Company as Trustee for Mutual Fund 31 (improperly sued as "Mutual Fund 31"); State Street Bank and Trust Company as Trustee for Mutual Fund 35 (improperly sued as "Mutual Fund 35"); State Street Bank and Trust Company as Trustee for Mutual Fund 40 (improperly sued as "Mutual Fund 40"); State Street Bank and Trust Company as Trustee for Mutual Fund 56 (improperly sued as "Mutual Fund 56"); State Street Bank and Trust Company as Trustee for Mutual Fund 51 (improperly sued as "Mutual Fund 51"); State Street Bank and Trust Company as Trustee for Mutual Fund 5 (improperly sued as "Mutual Fund 5"); State Street Bank and Trust Company as*

*Trustee for Mutual Fund 47 (improperly sued as "Mutual Fund 47"); State Street Bank and Trust Company as Trustee for Mutual Fund 46 (improperly sued as "Mutual Fund 46"); State Street Bank and Trust Company as Trustee for Mutual Fund 24 (improperly sued as "Mutual Fund 24"); Doft and Co., Inc.; Elisabeth H. Doft; MJR Partners; RBC Dominion Securities; BellSouth Corporation Representable Employees Health Care Trust-Retirees (improperly sued as "BellSouth Healthcare S&P 400 a/k/a BellSouth Corporation Representable Employees Health Care Trust-Retirees"); NBCN, Inc.; BellSouth Corporation RFA VEBA Trust (improperly sued as "BellSouth Grouplife Trust - S& a/k/a BellSouth Corporation RFA VEBA Trust"); Trust 18; EQ Advisors Trust (on behalf of Affiliate of Fund 24, Affiliate of Fund 49, and Fund 94 (improperly sued as "Fund 24," which is a non-existing entity; "Fund 49," which is a non-existing entity; and "Fund 94")); Fund 14; HBK Master Fund L.P. (improperly sued as "HBK Master Fund LP"); Affiliate of Trust 35 (improperly sued as "Trust 35," which is a non-existing entity); Affiliate of Fund 82 (improperly sued as "Fund 82," which is a non-existing entity); Affiliate of Mutual Fund 28 (improperly sued as "Mutual Fund 28," which is a non-existing entity); Mutual Fund 36; Fund 13; Investment Firm 6; Trust 94; Fund 92; Trust 74; Trust 183 (also sued as "Trust 191"); Trust 196 (also sued as "Trust 197"); Individual 762; Investment Firm 3; Fund 245; Fund 251; Fund 238; Affiliate of Investment Firm 2 (improperly sued as "Investment Firm 2," which is a non-existing entity) (successor in interest to Fund 228 and Fund 252); Fund 236; Fund 214; Fund 222; Trust 9; Trust 6; Fund 66; Fund 131; Component of Mutual Fund 58 (improperly sued as "Mutual Fund 58," which is a non-existing entity); Mutual Fund 2; Fund 7; Affiliate of Fund 206 (improperly sued as "Fund 206," which is a non-existing entity); Trust 208; Foundation 11; Individual 768; Trust 194; Trust 205; Fund 267; Trust 200; Trust 215; Trust 195; Trust 199; Trust 186; Individual 38; Individual 430; Affiliate of Financial Advisor 35 (improperly sued as "Financial Advisor 35," which is a non-existing entity); Affiliate of Corporation 69*

17

*(improperly sued as "Corporation 69," which is a non-existing entity); Pension Fund 17; Individual 756; Successor in Interest to Financial Advisor 11 (improperly sued as "Financial Advisor 11," which is a non-existing entity); Affiliate of Fund 2 (improperly sued as "Fund 2," which is a non-existing entity); Fund 250; Fund 244; Fund 108; Mutual Fund 9; Fund 118 (also sued as "Fund 254," which is a non-existing entity); Mutual Fund 60; Affiliate of Trust 4 (improperly sued as "Trust 4, " which is a non-existing entity); Fund 275 (also sued as "Fund 48"); Fund 277 (also sued as "Mutual Fund 14"); Fund 276 (also sued as "Fund 55"); Affiliate of Financial Advisor 5 (improperly sued as "Financial Advisor 5," which is a non-existing entity); Affiliate of Financial Advisor 39 (improperly sued as "Financial Advisor 39," which is a non-existing entity); Affiliate of Individual 359 (improperly sued as "Individual 359," which is a non-existing entity); Affiliate of Individual 614 (improperly sued as "Individual 614," which is a non-existing entity); Fund 62; Fund 157; State Street Bank & Trust Co., as Trustee for Mutual Fund 63 (improperly sued as "Mutual Fund 63"); First New York Securities LLC (improperly sued as "First NY Securities / Britally Capital," which is a non-existing entity); Fund 278 (also sued as "Fund 14"); Fund 210; Fund 211; Fund 213; Fund 219; Fund 212; Fund 266 (also sued as "Fund 138," which is a non-existing entity); Fund 255; Fund 232 (also sued as "Mutual Fund 33," which is a non-existing entity); Affiliate of Fund 227 (improperly sued as "Fund 227," which is a non-existing entity); Fund 36; Fund 239 (also sued as "Mutual Fund 39," which is a non-existing entity); Mutual Fund 42; Fund 229; Fund 270 (improperly sued as "Fund 270," which is a non-existing entity); Fund 41 (also sued as "Fund 233"); Affiliate of Fund 273 (improperly sued as "Fund 273" and as "Fund 29," which are non-existing entities); Fund 274 (also sued as "Fund 159"); Fund 68 (also sued as "Fund 242"); Affiliate of Fund 208 (improperly sued as "Fund 208," which is a non-existing entity); Mutual Fund 6; Fund 32; Affiliate of Fund 61 (improperly sued as "Fund 61," which is a non-existing entity); Fund 83; Mutual Fund 13; Mutual*

18

*Fund 16; Mutual Fund 20; Mutual Fund 7; Financial Advisor 6; Fund 39; Fund 256 (improperly sued as "Fund 256," which is a non-existing entity); Fund 216 (also sued as "Fund 22," which is a non-existing entity); Pension Fund 92 (improperly sued as "Pension Fund 92," which is a non-existing entity); Affiliate of Fund 78 (improperly sued as "Fund 78," which is a non-existing entity); Affiliate of Fund 45 (improperly sued as "Fund 45," which is a non-existing entity); Pension Fund 1 (improperly sued as "Pension Fund 1," which is a non-existing entity); Bank 1; Corporation 41 (improperly sued as "Corporation 41," which is a non-existing entity); Trust 178 (improperly sued as "Trust 178," which is a non-existing entity); International Entity 9; Fund 139 (improperly sued as "Fund 139," which is a non-existing entity); Affiliate of Mutual Fund 3 (improperly sued as "Mutual Fund 3," which is a non-existing entity); Affiliate of Mutual Fund 12 (improperly sued as "Mutual Fund 12," which is a non-existing entity); Affiliate of Fund 34 (improperly sued as "Fund 34," which is a non-existing entity); Fund 76; Fund 20; Trust 56; Pension Fund 31; Fund 77; Affiliate of Financial Advisor 16 (improperly sued as "Financial Advisor 16," which is a non-existing entity); Fund 220 (also sued as "Fund 25," which is a non-existing entity); Affiliate of Fund 8 (improperly sued as "Fund 8," which is a non-existing entity); Affiliate of Fund 27 (improperly sued as "Fund 27," which is a non-existing entity); Fund 262 (improperly sued as "Fund 262," which is a non-existing entity); State Street Global Advisors Index Funds SICAV (improperly sued as "Mutual Fund 54," "Mutual Fund 44," "Mutual Fund 49," and "Mutual Fund 62"); Bank 8; Fund 121; Fund 123; Fund 45; Financial Advisor 13; Fund 205; Financial Advisor 15;*

*and*

*Reichman Action Defendant Glenn H. Roth*

19

Sabin Willett
Amelia C. Joiner
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110
Tel.: (617) 341-7700
Fax: (617) 341-7701


*Counsel for Fund 1 Action Defendants Pioneer
High Yield Fund; Thrivent Financial for
Lutherans; Illinois EMCASCO Insurance
Company; EMC Reinsurance Company;
Employers Mutual Casualty Company; Dakota
Fire Insurance Company; EMCASCO
Insurance Company; Ohio National Fund, Inc.
Target Equity/Income Portfolio; Allstate
Retirement Plan; Agents Pension Plan; Allstate
Insurance Company; Allstate New Jersey Insurance
Company; Maxim Stock Index Portfolio; Susan
Bruce; Prudential Retirement Insurance & Annuity
Company; George Weiss; and OGI Associates LLC*


Jeff J. Friedman
Joel W. Sternman
David  L. Goldberg
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022
Tel: (212) 940-8800
Fax: (212) 940-8776


*Counsel for Fund 1 Action Defendants
RIEF Trading LLC and RIEF RMP LLC*


David Parker
Matthew J. Gold
KLEINBERG, KAPLAN,
 WOLFF & COHEN, P.C.
551 Fifth Avenue, 18th Floor
New York, New York 10176
Tel: (212) 986-6000
Fax: (212) 986-8866


*Counsel for Fund 1 Individual 51, Family
Foundation 1, Trust 21, Trust 31, Trust 51,*

20

*Individual 200, Trust 64, Family Foundation 7,
Individual 151, Individual 200, Individual 279,
Corporation 60, Individual 300, Noonday Capital
Partners LLC, Tinicum Partners, L.P., Farallon
Capital Institutional Partners, L.P., Farallon
Capital Institutional Partners II, L.P., Farallon
Farallon Capital Institutional Partners III, L.P., Farallon
Capital Partners, L.P., and Litespeed Master Fund
Ltd.*

Michael S. Doluisio
Stuart T. Steinberg
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel:  (215) 994-4000
Fax: (215) 994-2222

*Counsel for Fund 1 Action Defendants Corporation
24, Corporation 67, Fund 156, Fund 110, Fund
124, Fund 186, Fund 52, Fund 59, Fund 73, Fund
79, Fund 96, International Entity 1, Mutual Fund 1,
Mutual Fund 15, Pension Fund 10, Trust 158, and
Trust 34*

Andrew J. Entwistle
Vincent R. Cappucci
Joshua K. Porter
ENTWISTLE & CAPPUCCI LLP
299 Park Avenue, 20th Floor
New York, NY  10171
Tel:  (212) 894-7200
Fax: (212) 894-7272

*Counsel for Fund 1 Action Defendants Gabelli
Associates, Mutual Fund 52, Fund 142, State
Universities Retirement System of Illinois*

21